WILLIAM CREMER et al., *Appellees,* v. OSCAR ANDERSON, *Appellant.*

No. 17,856.

### HEADNOTE BY THE REPORTER.

UNLAWFUL DETAINER—*Default in Payment of Rents—Demand.* The owners of real estate leased it for an indefinite term and directed the tenant to pay the rent to a third person; thereafter they demanded of the tenant that he pay to them the rent thereafter accruing or surrender the possession; both demands were refused. *Held,* that the owners may maintain an action for unlawful detainer.

Appeal from Shawnee district court, division No. 1. Opinion filed December 7, 1912. Affirmed.

*W. A. S. Bird,* and *S. L. Lashbrook,* both of Topeka, for the appellant.

*Joseph G. Waters,* and *John C. Waters,* both of Topeka, for the appellees.

*Per Curiam:* On March 25, 1907, Mercy Cremer was the owner of a house and lot in the city of Topeka, and on that date executed a written contract with the appellees by the terms of which she undertook to sell the property to them for $1402.50, $12.75 of which was paid in cash, and the same amount was to be paid on the 25th day of each month thereafter until the purchase price was paid in full. It was further stipulated that the purchasers were to keep the building in good repair, pay all taxes and assessments, and keep the building insured in the sum of $1000 in the name of Mercy Cremer; that upon full payment of the purchase price, Mercy Cremer, her heirs or assigns, should execute to the appellees a warranty deed to the property; that if the appellees failed to perform any of the conditions of the written contract, the agreement should be forfeited at the option of the party of the first part, and all payments made upon the property

should be forfeited. Appellees entered into possession under the contract.

Mercy Cremer died February 15, 1909, and left the property to her daughters, Alice Cremer and Lizzie Cremer. The will was duly probated and no appeal was taken therefrom. Afterwards suit was brought to set aside the will and judgment was rendered in favor of the devisees. No appeal was taken therefrom.

Thereafter the appellees, through an agent, delivered the key to the house to the appellant and directed him to pay the rent to Alice Mattern, née Cremer, which he did up to the time of the trial.

Thereafter, and before suit was brought or notice to quit was given, the appellant refused on the demand of the appellees to surrender the possession of the property to them, or to vacate it, or to pay them rent.

These facts were set forth in an agreed statement and in the contract. Some letters between William Cremer and his sister Alice, and also between William's wife, Anna, and Alice, were produced in evidence. We do not see that this correspondence has any bearing upon the issue involved.

The legal proposition is as follows: The appellees, being in lawful possession of the property in question, leased it to the appellant for an indefinite term, with direction to pay the rent to a third party. Can the appellant, on the demand of appellees that he pay rent to them or surrender possession, lawfully refuse to do either and retain possession? The answer is in the negative. The appellant appears to have had no interest in the property, except as tenant thereof under the appellees, and whatever rights the devisees may have had to the property the appellant is not shown to have had any legal right to assert or defend them.

Without paying rent the appellant had no right to the possession of the property as against the appellees,

and so far as appears from the agreed statement of facts the appellees had a right to terminate his tenancy at the end of any month.

The judgment is affirmed.